**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

**United States Court of Appeals
Fifth Circuit**

**F I L E D**

June 11, 2013

Lyle W. Cayce
Clerk

No. 08-70023

ELROY CHESTER,

Petitioner - Appellant,

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee.

Appeal from the United States District Court
for the Eastern District of Texas
5:05-CV-29

Before STEWART, Chief Judge, and JONES and DENNIS, Circuit Judges.

PER CURIAM:[*]

In *Chester v. Thaler*, 666 F.3d 340, 340-51 (5th Cir. 2011), *cert. denied*, 133 S. Ct. 525 (2012) (mem.), this court affirmed the district court's denial of Chester's 28 U.S.C. § 2254 habeas petition, which

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-70023

challenged his Texas conviction for capital murder and resulting death sentence.  Chester's execution is currently scheduled for 6:00 P.M. tomorrow, June 12, 2013.  Chester has now filed a Motion for Stay of Execution and a Motion to Recall Mandate.[1]  For the reasons set out below, the panel has determined that this case should be assigned to a different three-judge panel.

Chester attached to his motion to recall the mandate a copy of a complaint of judicial misconduct against one of the members of the panel that was subsequently filed with the clerk of court.  He asserts that the allegations of the complaint and its attached affidavits raise questions about the impartiality of the judge as respects petitioners like himself and his underlying claims.  In addition to the allegations relied on by Chester, the complaint also alleges that in a different case, the subject judge showed disrespect toward a second member of this panel.  The third member of this panel is the Chief Circuit Judge, whose duties under 28 U.S.C. §§ 351 *et seq.* give him a substantial role in the consideration of any complaint of judicial misconduct, including this one.

Given these extraordinary circumstances, the panel has concluded that another panel must be assigned to consider the pending motions.  This conclusion is based on the connections between all three members of the panel and the complaint of judicial

---

[1] Chester also filed a motion to recuse one of the members of the panel.  The motion has been denied by the subject judge.

No. 08-70023

misconduct; no inferences should be drawn about the merits of that complaint.

It is hereby ORDERED that the clerk's office assign this matter to another panel forthwith.[2]

---

[2] Judge Jones dissents.

No. 08-70023

DENNIS, Circuit Judge, concurring:

I concur in the order to transfer this case to another panel and write separately only to express my view that this court should stay Chester's execution scheduled for 6:00 p.m. tomorrow in order to afford the new panel adequate time to consider whether to recall the mandate and take further action in this case. If this court ultimately concludes that Chester's motion to recall the mandate is without merit, no irreparable harm will have been done to the state and the execution can be rescheduled. Unless a temporary stay of the execution is granted, however, the court may be unable to give the issues presented the deliberate and judicious attention they deserve before the execution takes place. Chester's execution, of course, will moot those issues and any constitutional injury to his rights will be irreparable.

This court unquestionably has the power to recall its mandate and render a new judgment in this matter. *See Calderon v. Thompson*, 523 U.S. 538, 549 (1998); *United States v. Tolliver*, 116 F.3d 120, 123 (5th Cir. 1997). Under the extraordinary circumstances of this case, this federal court also has the power in aid of its jurisdiction to stay the state's execution pending the court's consideration of the motion to recall the mandate. Although ordinarily a federal court will not intervene in state court criminal proceedings, *see Younger v. Harris*, 401 U.S. 37 (1971), there are exceptions to this rule in extraordinary circumstances. "[A] federal court may provide equitable intervention in a state criminal proceeding even in the absence of the usual prerequisites of bad faith and harassment when extraordinary circumstances in which the necessary irreparable injury can be shown are present." *Gilliam v. Foster*, 75 F.3d 881, 904 (4th Cir. 1996) (quoting *Kugler v. Helfant*, 421 U.S. 117, 123 (1975))

(internal quotation marks omitted)). The Supreme Court explained that federal injunctive relief against pending state prosecutions are appropriate only where there is proven harassment or prosecutions taken in bad faith, or where there are "other extraordinary circumstances where irreparable injury can be shown." *Kugler*, 421 U.S. at 124. The extraordinary circumstances must "creat[e] a threat of irreparable injury both great and immediate" in order to enable federal court intervention. *Id.* at 123. There is no doubt that such requirements are met here. The circumstances of this case are unique and extraordinary, and has created a risk of immediate, great, and irreparable injury to Chester—namely, his execution before another panel has had an adequate opportunity to consider the motion to recall the mandate.